## FLEM DOSS v. THE STATE.

### No. 3179.    Decided May 16, 1906.

#### 1.—Murder in the First Degree—Foot Prints—Evidence.

Upon trial for murder, where the evidence showed that deceased was traveling along the road in a wagon with a companion, and that defendant was standing behind a clump of bushes and when the wagon got opposite the same he fired upon

deceased and killed her; there was no error in admitting testimony by a State's witness that he saw some tracks which looked like a man's track behind a clump of bushes besides the road near the place of the homicide, although the size of said tracks or the size of the shoe worn by defendant was not shown.

**2.—Same—Leading Questions.**

Where upon an appeal from a conviction of murder, the bill of exceptions showed that State's counsel was permitted to ask the State's witness leading questions for the purpose of refreshing his memory, and no error was shown therein which was injurious to the rights of appellant, there was no reversible error.

**3.—Same—Hearsay—Tracks.**

Upon a trial for murder, where the evidence showed that defendant had been riding a horse and had hitched the same at a certain haw tree, and immediately after the shot was fired which killed deceased defendant attempted to get on the horse when pursued by the companion of deceased, testimony that a State's witness saw some horse tracks where a horse had been tied to a certain haw tree was not hearsay.

**4.—Same—Exclusion of Question.**

Upon trial for murder where the State's counsel asked witness if he had heard defendant had been in the penitentiary, and such question was excluded, there was no error.

**5.—Same—Continuance—Immaterial Testimony.**

Upon a trial for murder, there was no error in refusing a continuance upon testimony which was not material nor probably true.

**6.—Same—Evidence—Pardon—Animus.**

Upon trial for murder there was no error that the court refused to send an officer to a defendant's witness' home to get the pardon of that witness, the record showing that said witness was then confined in jail on another charge, and the court had postponed the case once and permitted counsel to send out to the witness' home and endeavor to find the pardon. Nor was it error to refuse to permit defendant to prove by another witness that he not only had animus towards deceased but also towards said absent witness.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment fixed at confinement in the penitentiary for life.

The first ground of the motion for new trial complains that the court erred in permitting the State's witness, R. H. Nance, to testify, over his objections, that he saw some tracks that looked like a man's track, behind a clump of bushes beside the road, near where deceased (Bettie Williams) was killed. The objection of defendant was that the testimony was hearsay, irrelevant, and it was not shown by other circumstances to have been connected with said tracks, and there was no testimony as to the size of said tracks, nor as to the size of the shoe worn by defendant; and further because this is not a case of

circumstantial evidence. The evidence shows that deceased was traveling along the road in a wagon with a companion; that appellant was standing behind a clump of bushes, and when the wagon got opposite the clump of bushes, he fired upon deceased and killed her. The testimony complained of was that of a witness who testified that he saw tracks, a good many tracks, behind the bushes, where appellant had been standing. The mere fact that he did not know the size of the tracks, or the size of the shoe worn by appellant, would only go to the probative force and not to the admissibility of the testimony.

Appellant also objected to the court permitting State's counsel to ask the witness: "State whether or not there were a number of tracks behind the bushes." And witness answered, "Yes, sir, there were quite a number of tracks there." There was no error in admitting this testimony. What has been said as to the first and second grounds of the motion disposes of the third ground, which is to the same effect.

The fourth complaint is that the court erred in permitting leading questions to be asked the State's witness for the purpose of refreshing his memory. The bill presenting this matter is rather long, but a reading of it does not show any error committed injurious to the rights of appellant.

The fifth complaint is that the court erred in permitting witness, Hillyard Bray to testify that on the evening after deceased was killed, in company with his brother and Mat Emerson, he went out to a haw-tree, about thirty steps from where deceased was killed, and saw some horse-tracks there, where a horse had been tied to the haw-tree. The objection to this testimony is, "that it was hearsay." We are at a loss to know how it could be hearsay. The evidence showed that defendant had been riding the horse, had hitched it at the haw-tree, and attempted to get on the horse when pursued by the companion of deceased, immediately after the shot was fired that killed deceased.

The sixth ground of complaint is that the State's counsel asked witness if he had heard defendant had been in the penitentiary. The answer of the witness to this question was excluded by the court.

Appellant also complains of the action of the court overruling his motion for continuance. The absent testimony is neither material nor probably true, in the light of this record.

There is a motion asking the court to send the sheriff or some officer to Minor Towery's home to get his pardon, so that defendant could have the benefit of Minor Towery's testimony. The court after hearing the application overruled it, to which appellant excepted. We know of no law authorizing the court to send the sheriff with a witness after his pardon. The record shows that witness was then confined in jail on another charge, and the court did postpone the case and permitted counsel to send out to the witness' home and endeavor to find the pardon; and the party returned and said he could not find it. Furthermore, the application for postponement shows that appellant expected to prove by Minor Towery, that on the night before the

alleged killing of Bettie Williams, by defendant, that he witnessed a difficulty between prosecuting witness, Buck Bray and Hillyard Bray on one side, and defendant on the other side, in which said prosecuting witness assaulted defendant and attempted to shoot him with a gun, and heard said witness threaten to take the life of defendant. As stated above, the uncontradicted testimony shows that deceased and Buck Bray were in the wagon going along the public road, when appellant, who was secreted behind some bushes, shot and killed deceased; and it would certainly not be material for appellant to prove that he not only had animus towards deceased but also at Buck Bray.

The special charges requested by appellant were given by the court. The charge of the court applied the law to the facts properly, and no error is manifest therein. No error appearing in the record, the judgment is affirmed.

*Affirmed.*